888 F.2d 898
 281 U.S.App.D.C. 201
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
PUBLIC SERVICE COMPANY OF NEW MEXICO, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
City of Gallup, New Mexico, Intervenor.
 No. 88-1590.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 3, 1989.
 
 Before WALD, Chief Judge, and BUCKLEY and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the petition for review of an order of the Federal Energy Regulatory Commission ("FERC") and was briefed and argued by counsel. Though the issues presented occasion no need for a published opinion, we have accorded them full consideration. See D.C.Cir.R. 14(c).
 
 
 2
 We are asked to review a FERC order that was issued on remand from the Tenth Circuit in Public Service Co. of New Mexico v. FERC, 832 F.2d 1201 (10th Cir.1987). In that decision, the Tenth Circuit applied this court's holding in Electrical District No. 1 v. FERC, 774 F.2d 490 (D.C.Cir.1985), that FERC may not allow a rate increase in a proceeding under section 206 of the Natural Gas Act, 16 U.S.C. Sec. 824e (1982), to become effective until a compliance filing actually setting forth the rates to be charged has been received and accepted by the Commission.
 
 
 3
 Without expressing an opinion on the latitude FERC may have had to take the equitable considerations urged by the Public Service Company of New Mexico ("PNM") into account, we conclude that the Commission's response to the Tenth Circuit's mandate was reasonable. The Tenth Circuit held, as a matter of law,
 
 
 4
 that the Commission erred in ordering the rates effective on the date it issued its opinions adjudicating the litigated issues in the various proceedings. Under the statute, the rates are fixed on the date FERC accepts PNM's compliance filings.
 
 
 5
 774 F.2d at 1225. We see no inconsistency between that holding and the Commission's decision not to conduct an equitable analysis but, rather, to direct PNM to refund the excess amounts collected prior to the date of its acceptance of the new rates, together with interest.
 
 For the foregoing reasons, it is
 
 6
 ORDERED AND ADJUDGED by this court that the petition for review be denied.
 
 
 7
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.